UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT RUTH,** | ) | **CASE NO.5:10CR0535** |
| | ) | **5:13CV2753** |
| | ) | |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (ECF #40). Petitioner contends that all of his claims are due to ineffective assistance of counsel. The Government filed a Response in Opposition to Petitioner's Motion (ECF#43). For the following reasons, the Court denies Petitioner's Petition.

## FACTS

On December 16, 2010, an Indictment was filed charging Petitioner with Receipt and Distribution of Child Pornography, Receipt and Distribution of Visual Depictions of

1

Minors Engaged in Sexually Explicit Conduct and Possession of Child Pornography. On March 11, 2011, Petitioner filed a Motion to Suppress. On March 20, 2011, the Government filed its Response in Opposition. The Court heard arguments on the Motion, and on April 4, 2011, the Motion to Suppress was denied. On April 12, 2011, Petitioner entered a guilty plea to the Indictment. On August 15, 2011, the Court sentenced Petitioner to 240 months incarceration on Counts One and Two, to be served concurrently, and 120 months incarceration on Count Three, to be served consecutively to Counts One and Two, followed by a life term of Supervised Release, and a $300 special assessment.

On August 18, 2011, Petitioner filed a Notice of Appeal. On July 31, 2012, the Court of Appeals affirmed the conviction. Petitioner filed a Petition for Writ of Certiorari in the United States Supreme Court. On December 10, 2012, the Petition was denied.

On December 13, 2013, Petitioner filed the instant Motion to Vacate, Set Aside or Correct Sentence asserting three Grounds for relief:

**GROUND ONE:** Denial of Sixth Amendment right to effective assistance of counsel.

**GROUND TWO:** Lack of subject matter jurisdiction.

**GROUND THREE:** Eighth Amendment violation: Cruel and unusual punishment.

Petitioner asserts that all of his claims are due to ineffective assistance of counsel.

## STANDARD OF REVIEW

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws

2

>of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to prevail upon a §2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States,* 334 F.3d 496-497 (6th Cir. 2003), quoting *Weinberger v. United States,* 268 F.3d 346, 351 (6th Cir.2001).

## **ANALYSIS**

Petitioner contends that he was denied effective assistance of counsel. To make an ineffective assistance of counsel claim, the petitioner must demonstrate both inadequate performance by counsel and prejudice resulting from that inadequate performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Id.* at 686. Indeed, under the test set forth in *Strickland,* the defendant must establish deficient performance and prejudice:

>First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687.

In Ground One, Petitioner asserts that his counsel failed to investigate his plausible defenses, challenge the search of his home and provide mitigation at sentencing. Petitioner does not provide the Court with any evidence or facts as a basis for his claims. Rather, the record shows that counsel filed a ten page Motion to Suppress challenging the probable cause for the search warrant, the reliability of the information and other issues.

Counsel filed a sixteen page Sentencing Memorandum with six letters of support. The Court heard lengthy arguments from counsel at sentencing relating to the sentencing guidelines, and urging the Court to take into account Petitioner's acceptance of responsibility when handing down the sentence. Petitioner has failed to show his counsel's representation was objectively unreasonable and prejudiced Petitioner. Therefore, Ground One is denied.

In Ground Two, Petitioner asserts that the federal courts have no jurisdiction over these crimes. Petitioner fails to explain how this claim is relevant to ineffective assistance of counsel. Regardless, the Government points out that "the effect of a guilty plea is well-established: it 'is an admission of all the elements of a formal criminal charge.' " *United States v. Matthews*, 833 F.2d 161, 163 (9th Cir. 1987), quoting *McCarthy v. United States*, 994 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed. 2d 418 (1969). The court, in Matthews, went on to hold, that "a guilty plea admits even those factual allegations in the indictment that form the predicate for federal jurisdiction." (*Id.* at 164).

In the signed Plea Agreement, Petitioner admitted that the material in question was downloaded from the internet, therefore the interstate commerce element is thus satisfied. *See United States v. Thomas*, 74 F.3d 701, 706 07 (6th Cir. 1996); *United States v.*

*Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (for purposes of 18 U.S.C. § 2251, transportation of photographs via Internet constitutes transportation in interstate commerce (citing *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir. 1997)); *United States v. White*, 2 Fed. Appx. 295, 298 (4th Cir. 2001) (in case under 18 U.S.C. § 2252A, holding that defendant's use of Internet service provider to access a newsgroup from which he downloaded and viewed child pornography constituted transportation in interstate commerce); *United States v. Smith*, 47 M.J. 588, 592 (1997) (addressing 18 U.S.C. § 2252, holding that transmission of information via Internet is in interstate commerce).

Petitioner has failed to demonstrate how counsel's alleged ineffective assistance is relevant to this claim. Therefore, Ground Two is without merit and denied.

In Ground Three, Petitioner claims that his sentence is unfair because it relies on uncharged events. Petitioner again fails to demonstrate how this claim is relevant to his counsel's alleged ineffective assistance, or what uncharged events were relied upon at sentencing. It appears that Petitioner is referring to the Court's application of the five-level pattern of activity enhancement based upon Petitioner's confession to molesting more than twenty juvenile males over the course of more than fourteen years.

U.S.S.G. § 2G2.2(b)(5) applies when a defendant "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." The guidelines define a "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." U.S.S.G. § 2G2.2 cmt. n. 1. *See also United States v. Berringer*, 393 F. App'x 257, 262

5

(6th Cir. 2010). In this case, Petitioner admitted in an FBI interview that he sexually molested twenty-two different juvenile males over a fifteen-year period, thus, the five-level enhancement was appropriate. Ground Three is without merit and denied.

Petitioner has provided no factual basis for vacating his sentence. In the absence of facts beyond mere conclusory allegations, the Court finds Petitioner has failed to meet his burden under *Strickland*, showing his attorney's performance unreasonable. Therefore, for the foregoing reasons, Petitioner's Motion to Vacate is denied.

Furthermore, the Court declines to issue a certificate of appealability.

28 U.S.C. §2253(c) states:

**(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

**(A)** the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

**(B)** the final order in a proceeding under section 2255.

**(2)** A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

**(3)** The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In *Slack v. McDaniel*, 529 U.S. 473, 483-4 (2000) the Supreme Court held,

To obtain a COA under 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot,* includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' " (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4 (1983) superceded by statute.

Since the Court has determined Petitioner's claims in his Motion to Vacate are meritless, Petitioner has failed to make a substantial showing that he was denied any

6

constitutional right.  Therefore, the Court will not issue a certificate of appealability.


      IT IS SO ORDERED.


| | |
|---|---|
| March 11, 2014 | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
| | United States District Judge |